IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

VANESSA C. SMITH                                                    PLAINTIFF

v.                        Civil No. 5:23-cv-05221-TLB-CDC

UNITED INDUSTRIES ULTRA BOARD                              DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Vanessa C. Smith ("Smith"), filed this action alleging she suffered personal injury on December 4, 2019, when she was exposed to smoke and fumes during an industrial fire occurring at Defendant's facility[1] where she was working at the time.   Smith proceeds *pro se* and *in forma pauperis* ("IFP").

Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.   The case is before the Court for preservice screening of the Complaint (ECF No. 2) under 28 U.S.C. § 1915(e)(2).

## I.      BACKGROUND

Smith alleges the Court has federal question jurisdiction pursuant to the "Environmental Protection Center, Air, Land Water Quality, Environmental reaction Land, Air Quality."   (ECF No. 2 at 4).   In her statement of the claim, she writes: "Statement of non-responsibility of Insurance Carrier."   *Id.* at 5.   As relief, Smith states she is diseased and seeking disability.   *Id.*

---

[1] According to its website, the company is "a sign industry leader in foam core board manufacturing." https://ultraboard.com

at 6.   She then references attached medical documentation.   *Id.*   The remainder of this document consists of information regarding checks disbursed to Smith from LF Staffing Services, Inc., located in Springdale, Arkansas.   *Id.* at 7-15.

Smith's first supplement to the Complaint (ECF No. 5) consists of 577 pages of material. It is in the supplement that the Court can first discern the facts of Smith's claim.   The first page contains a letter from the insurance carrier for Defendant to Smith's counsel.   *Id.* at 1.   The letter denies the policy holder has any legal responsibility and states the fire inspector had determined that "a failure of the electrical components located at the top of the power poles (owned by the City of Bentonville) caused burning debris to fall onto the insured's property causing the fire to ignite."   *Id.*   The date of the loss is listed as December 4, 2019.   *Id.*

In an attached letter from her attorney, the Court learns that Smith made a claim "for injuries she suffered on December 4, 2019[,] due to her exposure to smoke and chemical fumes caused by the fire at United Industries in Bentonville, Arkansas."   (ECF No. 5 at 52).   Smith was seen at Northwest Medical Center of Bentonville on December 4, 2019, for a major allergic reaction.   *Id.* at 89, 98, 101.   Note was also made that Smith suffered from chronic obstructive pulmonary disease (COPD) which was acutely exacerbated by the incident.   *Id.* at 188.   The remaining pages, among other things, cover unrelated medical visits.   The second supplement contains Internal Revenue Service documentation including transcripts of tax returns, medical records, unemployment compensation records, records from LF Staffing Services, and Social Security records.   (ECF No. 6 at 1-89).

## II.    APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted, or (3) seek

monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915(e)(2)(B)(i-iii).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *Spencer v. Rhodes,* 656 F. Supp 458, 464 (E.D.N.C. 1987); *In re Tyler,* 839 F.2d 1290, 1293-94 (8th Cir. 1988).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.   DISCUSSION

"Courts have an independent obligation to determine whether federal subject matter jurisdiction exists." *Hertz Corp. v. Friend,* 559 U.S. 77, 94 (2010).   "Federal courts are courts of limited jurisdiction.   The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." *Kessler v. Nat'l Enters., Inc.,* 347 F.3d 1076, 1081 (8th Cir. 2003) (citation and internal quotation marks omitted).

3

Liberally construing Smith's claim to be one that Defendant's plant emitted noxious fumes when the fire occurred, no claim exists under the Clean Air Act ("CAA").   The CAA's citizen suit provision provides that a suit may be brought against any person, who is alleged to have violated, or be in violation of, "an emission standard or limitation under this chapter" or "an order issued by the Administrator[2] or a State with respect to such standard or limitation."   42 U.S.C. § 7604(a).   Subsection (b) requires that notice be given to the Administrator, the State in which the violation occurs, and the alleged violator sixty days prior to the commencement of the action.   42 U.S.C. § 7604(b).[3]   An emission standard or limitation is defined as "(1) a schedule or timetable of compliance, emission limitation, standard of performance or emission standard" . . . (3) "any condition or requirement of a permit" or "implementation plan relating to transportation control measures, air quality maintenance plans" or (4) "any other standard, limitation, or schedule established under any permit."   42 U.S.C. § 7604(f); *see also Sierra Club, et al., v. Entergy Arkansas, LLC,* 503 F. Supp. 3d 821, 841 (E.D. Ark. 2020).

Smith has made no allegation that Defendant's emissions were in violation of the EPA's national ambient air quality standards, the State's standard, or any permit emission limitations placed on the facility.   42 U.S.C. § 7475(a)(1); *see also Nucor Steel-Arkansas v. Big River Steel, LLC,* 825 F.3d 444 (8th Cir. 2016).   And, in any event, any emissions were the result of a fire not planned plant emissions.   What Smith is attempting to do is elevate a run of the mill personal injury action into a federal question.

---

[2] The Environmental Protection Agency.

[3] The statute sets forth certain exceptions, not applicable here, to the notice requirement.

4

Clearly, the Court also lacks diversity jurisdiction over this dispute as both Smith and the Defendant are citizens of Arkansas.   28 U.S.C. § 1332; *Buckley v. Control Data Corp.,* 923 F.2d 96, 97 n.6 (8th Cir. 1991) (complete diversity of citizenship must exist).

## IV.    CONCLUSION

For these reasons, it is recommended that this case be **DISMISSED** for failure to state a claim under 28 U.S.C. § 1915(e)(2).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 17th day of January 2024.

*s/ Christy Comstock*

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE

5